**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RONALD M. POUNDS,<br><br>Plaintiff,<br><br>v.<br><br>KENDA RUBBER INDUSTRIAL CO. LTD.,<br>AMERICAN KENDA RUBBER INDUSTRIAL CO., LTD.,<br>ACCELL GROUP, N.V.,<br>ACCELL NORTH AMERICA, INC.,<br>CROSSLAKE SALES, INC.,<br>John Doe(s) #1 - #10,<br><br>Defendants. | CIVIL ACTION<br>FILE NO.: ____________________<br><br>**JURY TRIAL DEMANDED** |

**<u>COMPLAINT FOR DAMAGES</u>**

COMES NOW RONALD M. POUNDS, Plaintiff, and files this Complaint for Damages against Defendants as follows:

PARTIES, JURISDICTION AND VENUE

1.

This is a personal injury and product liability action, seeking damages for injuries suffered as a result of a defective bicycle tube manufactured and placed

into the stream of commerce by the defendants, that failed on November 5, 2016, causing injury to Plaintiff.

2.

Plaintiff RONALD M. POUNDS is a resident of Fulton County, Georgia.

3.

KENDA RUBBER INDUSTRIAL CO., LTD. ("Kenda") is a foreign for-profit corporation, with its principal place of business being located at 146 Zhongshan Road Section 1, Yuanlin Township, Changhua County  51064, Taiwan.

4.

KENDA RUBBER INDUSTRIAL CO., LTD. is a Taiwanese corporation and formal business enterprise with worldwide manufacturing, operations, packaging, and distribution facilities.

5.

KENDA RUBBER INDUSTRIAL CO., LTD. may be served with summons and process pursuant to O.C.G.A. § 14-2-1510 and FRCP 4(f)(2)(C)(ii) by the Clerk mailing summons and a copy of this Complaint to its Chief Executive Officer at 146 Zhongshan Road, Section 1, Yuanlin Township, Changhua County  51064, Taiwan, with signature required.

6.

Jurisdiction and venue are appropriate in this Court as to KENDA RUBBER INDUSTRIAL CO., LTD.

7.

Defendant AMERICAN KENDA RUBBER INDUSTRIAL CO., LTD. ("Kenda USA"), is a domestic for-profit corporation organized under the laws of the State of Ohio with its principal place of business and offices located at 7095 Americana Parkway, Reynoldsburg, OH 43068.

8.

AMERICAN KENDA RUBBER INDUSTRIAL CO. LTD. is a wholly owned subsidiary of KENDA RUBBER INDUSTRIAL CO. LTD.

9.

AMERICAN KENDA RUBBER INDUSTRIAL CO. LTD. may be served with summons and process pursuant to O.C.G.A. § 9-10-91 through its registered agent David A. Ison, 10 Village Pointe Drive, Powell, Ohio 43065.

10.

Jurisdiction and venue are appropriate in this Court as to AMERICAN KENDA RUBBER INDUSTRIAL CO., LTD.

11.

The defendants Kenda and Kenda USA collectively comprise part of the family of tire/tube manufacturing, packaging and distribution companies referred to hereafter as "Kenda Companies", which are in the business of designing, manufacturing, inspecting, testing, approving, packaging, shipping, distributing and selling tires and tubes in the stream of commerce to end users, or to middlemen for distribution to such end users, in Georgia and elsewhere. The Kenda Companies as part of the design, manufacture, distribution and sale of bicycle tubes are responsible for preparing specifications, instructions and warnings for the installation and use of these components including the tube which injured Mr. Pounds, and which is at issue in this case.

12.

ACCELL GROUP N.V. ("Accell") is a foreign for-profit corporation, with its principal place of business being located at Industrieweg 4, 8444 AR Haeerenveen, Netherlands.

13.

ACCELL GROUP N.V. is a formal business enterprise with worldwide manufacturing, operations, packaging, and distribution facilities headquartered in

the Netherlands that focuses internationally on the middle and higher segments of the market for bicycles and bicycle parts and accessories.

14.

ACCELL GROUP N.V. may be served with summons and process pursuant to the authority of O.C.G.A. § 14-2-1510, FRCP 4(f)(2)(C)(ii) and Article 10 of the Hague Convention by the Clerk mailing summons and a copy of this Complaint to its Chief Executive Officer A.H. Anbeek at Industrieweg 4, 8444 AR Heerenveen, Netherlands, with signature required.

15.

Jurisdiction and venue are appropriate in this Court as to ACCELL GROUP, N.V.

16.

Defendant ACCELL NORTH AMERICA, INC. ("Accell NA"), is a for-profit corporation organized under the laws of the State of Washington with its principal place of business and offices located at 6004 190th St, Suite 101, Kent, WA 98032.

17.

ACCELL NORTH AMERICA, INC. is a wholly owned subsidiary of ACCELL GROUP, N.V.

18.

ACCELL NORTH AMERICA, INC. may be served with summons and process through its registered agent in Georgia, C.T. Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046-4805.

19.

Jurisdiction and venue are appropriate in this Court as to ACCELL NORTH AMERICA, INC.

20.

The defendants Accell and Accell NA alone or collectively acquired tubes from the Kenda Companies, including the tube which injured Mr. Pounds and is at issue in this case, re-packaging such tubes for distribution and sale to retailers and end users under their Raleigh brand.  In their role as a distributor of the Kenda tube products, Accell and Accell NA inspected and approved, re-packaged, delivered and sold such tubes to resellers and end users in the stream of commerce, and provided and/or had a duty to provide tubes that were safe for the purposes for which they were intended as well as guidance, warnings and instructions for the proper installation and use of these Kenda tubes.

21.

Defendant CROSSLAKE SALES, INC. d/b/a RANDOM BIKE PARTS is a

domestic for-profit corporation organized under the laws of the State of Minnesota with its principal place of business and offices located at 34076 Co. Rd. 3, Crosslake, MN 56442.

22.

CROSSLAKE SALES, INC. may be served with summons and process pursuant to O.C.G.A. § 9-10-91 through its registered agent Bennett Gibbs, 34076 Co. Rd. 3, Crosslake, MN 56442.

23.

Jurisdiction and venue are appropriate in this Court as to CROSSLAKE SALES, INC.

24.

Defendants DOE 1 through DOE 10, are fictitious names intended to indicate manufacturers, distributors, assemblers, transporters, handlers, installers, sellers, subsequent handlers, and others of the tube which is the subject of this action. The true names of these Defendants are unknown to Plaintiffs, and Plaintiffs therefore sue them under fictitious names, and requests that Plaintiffs be permitted, if and when the true names of these Defendants are discovered, to insert the true names in the record in lieu of the fictitious names.

25.

This Court properly has jurisdiction and of this action and venue is proper in this Court as to Defendants DOE 1 through DOE 10.

FACTS

26.

The facts, circumstances and events giving rise to the Plaintiff's injuries occurred in Fulton County, Georgia on or about November 5, 2016, making jurisdiction and venue appropriate in this Court.

27.

In September, 2016, Plaintiff ordered 2 sets of Kenda 26 x 1.5 to 2.125" Thorn Resistant Bike Inner Tubes with Presta Valves from defendant Crosslake Sales through its website http://www.randombikeparts.com.

28.

On November 5, 2016, Plaintiff properly installed one Kenda 26 x 1.5 to 2.125" Thorn Resistant Bike Inner Tube with Presta Valve on the front rim of his Cannondale Volvo F700.

29.

On his first ride using the inner tube, under unremarkable operating conditions, the Kenda 26 x 1.5 to 2.125" Thorn Resistant Bike Inner Tube with

Presta Valve suffered a catastrophic failure launching Plaintiff face first to the ground.

30.

The Kenda 26 x 1.5 to 2.125" Thorn Resistant Bike Inner Tube with Presta Valve was defective in its design and/or manufacture at the time it left the control of the manufacturer, such that the product was unreasonably dangerous to the Plaintiff as an experienced user or consumer using the product in a reasonably expected way.

31.

The defendants had an affirmative duty to provide adequate warnings to those expected and reasonably intended users of the Kenda 26 x 1.5 to 2.125" Thorn Resistant Bike Inner Tube with Presta Valve.

32.

The tubes in question were defective because they were improperly packaged and labeled, there were no reasonable warnings or instructions given concerning the products, their installation, inflation and use, and what warnings and instructions as were provided by the defendants were insufficient as a matter of law.

33.

The defendants expressly or impliedly warranted that the tube would be safe for use by the Plaintiff if used in accordance with all such warnings and instructions provided, but in fact this was not the case.  The defendants breached their duty to adequately warn and instruct, proximately resulting in Plaintiff's injuries.

34.

Defendants placed defective products in the stream of commerce in an unreasonably dangerous condition to Plaintiff and others, and as such defendants are liable for the physical harm caused by the Kenda 26 x 1.5 to 2.125" Thorn Resistant Bike Inner Tube with Presta Valve to the plaintiff who was in the class of persons that the defendants should reasonably have foreseen as being subject to the harm caused by the defective product.

35.

At all times herein mentioned, Defendants, and each of them, knew and intended that the Kenda 26 x 1.5 to 2.125" Thorn Resistant Bike Inner Tube with Presta Valve would be purchased by members of the public and used by the purchasers without inspection for defects.

PERSONAL INJURIES AND DAMAGES

36.

As a direct and proximate result of the defect and crash, Plaintiff sustained serious and permanent injuries and damages, including blunt force trauma and abrasions and an open globe injury that resulted in the loss of his right eye and damage to his eyesight, dental injuries, medical expenses, mental and physical pain and suffering, and disfigurement.  These injures are permanent, and in the future Plaintiff will incur medical and other necessary expenses, and suffer mental and physical pain and suffering, and disfigurement.  Plaintiff's special damages related to his medical care and treatment presently exceed $128,444.73.

37.

As a result of his injuries, Plaintiff was disabled for months and has lost substantial income and benefits and will suffer diminished capacity to earn income.

## COUNT ONE- STRICT LIABILITY

38.

Plaintiff incorporates by reference all allegations contained in Paragraphs 1 – 37, as though fully set forth herein.

39.

Defendants designed, manufactured, distributed and sold the defective tube that caused the injuries sustained by Plaintiff.

40.

The Kenda 26 x 1.5 to 2.125" Thorn Resistant Bike Inner Tube with Presta Valve, new when sold, was neither merchantable or reasonably suited for its intended use.

41.

The defective condition of the tube, when sold, was the proximate cause of the injuries sustained by Plaintiff.

42.

Defendants are strictly liable in tort to Plaintiff pursuant to O.C.G.A. § 51-1-11(b)(1) for his injuries and damages as described more completely above.

**COUNT TWO - NEGLIGENCE**

43.

Plaintiff incorporates by reference all allegations contained in Paragraphs 1 – 42, as though fully set forth herein.

44.

As the manufacturers, importers and distributers of the Kenda 26 x 1.5 to 2.125" Thorn Resistant Bike Inner Tube with Presta Valve, Defendants owed a

duty to Plaintiff to use reasonable care in the design, manufacture, assembly and inspection of the product so as to avoid subjecting users to a risk of physical injury.

45.

Defendants breached this duty of care and thus were negligent by, among other things, improperly designing, manufacturing, inspecting, packaging, and distributing the tube.

46.

As a direct and proximate result of Defendants' negligence, Plaintiff has been injured as described above.

## COUNT THREE - BREACH OF WARRANTY

47.

Plaintiffs incorporate by reference all allegations contained in Paragraphs 1 - 46, as though fully set forth herein.

48.

Defendants have breached warranties, both express and implied, given to Plaintiff at the time he purchased the Kenda 26 x 1.5 to 2.125" Thorn Resistant Bike Inner Tube with Presta Valve at issue in this action in that the tube was not merchantable and fit for the purpose for which it was intended.

49.

Defendants received notice of said breach of warranty by certified letters, return receipt requested, as required by O.C.G.A. § 11-2-607(3)(a).

50.

As a direct and proximate result, Plaintiff has been injured as described above.

WHEREFORE, Plaintiff prays that this Court award the following relief against Defendants:

(a) that process be issued;

(b) for trial by a jury of twelve

(c) that reasonable damages be granted to Plaintiff and against Defendants, jointly and severally, for past, present and future general and special damages;

(d) that Plaintiff recover all costs of this action; and

(e) for such further relief as the Court deems just and proper.

Respectfully submitted this the 5th day of November, 2018.

Hagen Rosskopf, LLC

/s/ Bruce A. Hagen_____
Bruce A. Hagen
Georgia State Bar No. 316678

/s/Zachary J. Nelson_____
Zachary J. Nelson
Georgia State Bar No. 425915
Attorney for the Plaintiffs

119 North McDonough Street
Decatur, Georgia 30030
(404)522-7553
(404)522-7744 – fax
Bruce@hagen-law.com
Zach@hagen-law.com